NO CV-30

JUSTIN H. WILKES
1727 ½ Webster Avenue
Los Angeles, CA 90026
Telephone: (360) 362-8172
Email: justicewithjustin@gmail.com

Self-Represented



**FILED**
**CLERK, U.S. DISTRICT COURT**

JULY 14 2021

**CENTRAL DISTRICT OF CALIFORNIA**
BY: _____KMH_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JUSTIN H. WILKES,

               Plaintiff,

  v.

EHARMONY, INC., LUCAS ASSOCIATES, INC.,

               Defendants.

Case No.: 2:21-CV-05699-MWF-JDEx

**COMPLAINT FOR DAMAGES**

(1) RACE DISCRIMINATION

**JURY TRIAL DEMANDED**

### JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 2000e-5(f)(3) because each United States district court subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this title. Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 because this civil action arises under the laws of the United States.

| | |
|---|---|
| 1 | Name: Justin H. Wilkes |
| 2 | Address: 1727 1/2 Webster Avenue |
| 3 | Los Angeles, CA 90026 |
| 4 | Phone: (360) 362-8172 |
| 5 | Fax: _____ |
| 6 | In Pro Per |
| 7 | |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| | CASE NUMBER: 2:21-CV-05699-NWF-Ex |
| | Three Judge Panel |
| Plaintiff | To be supplied by the Clerk of |
| | The United States District Court |
| v. | |
| | COMPLAINT |
| Defendant(s). | |

CV-126 (09/09)   PLEADING PAGE FOR A COMPLAINT

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) and 42 U.S.C. 2000e-5(f)(3) because a substantial part of the events giving rise to this claim occurred in this district and because Plaintiff would have worked in this district but for the alleged unlawful employment practice by Defendants.

## INTRODUCTION

3. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*, which prohibits employment discrimination on the basis of race. This action alleges that Defendants discriminated against Plaintiff because of Plaintiff's race as Black or African American. Plaintiff seeks damages in an amount sufficient to compensate Plaintiff for Plaintiff's loss resulting from Defendants' conduct. Plaintiff hereby requests a jury trial on this matter.

## PARTIES

4. Plaintiff JUSTIN H. WILKES is an individual and resident of Los Angeles County, California.

5. Defendant EHARMONY, INC. ("eHarmony") is a Delaware domestic corporation, with its principal place of business at 10900 Wilshire Boulevard, Suite 17, Los Angeles, CA 90024.

6. Defendant LUCAS ASSOCIATES, INC. (the "Lucas Group") is a Georgia domestic corporation, with its principal place of business at 950 East Paces Ferry Road NE, Suite 2300, Atlanta, GA 30326.

# STATEMENT OF FACTS

**A.     Defendants' Discriminated Against Plaintiff in Violation of Title VII of the Civil Rights Act of 1964**

7.     This is an action for damages based upon Defendants' practice of employment discrimination against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

8.     Plaintiff is Black or African American.

9.     On or about September 30, 2020, Plaintiff applied for a legal position with the Lucas Group. The Lucas Group sought applicants to fill a Counsel position in Los Angeles, CA.

10.     Defendants intentionally discriminated against Plaintiff. Defendants also caused Plaintiff to experience delays. As a result, Plaintiff suffered severe mental and emotional distress.

11.     Between September 30, 2020 and November 20, 2020, Defendants set out to toy with Plaintiff.

12.     On one occasion, the Lucas Group's Senior Partner Diane Kotler abruptly rescheduled twice after confirming an interview with Plaintiff on September 30, 2020.

13.     On October 5, 2020, Ms. Kotler interviewed Plaintiff. Ms. Kotler gave

Plaintiff the impression that Plaintiff would be hired for the Counsel position. Ms. Kotler also tentatively scheduled a follow up interview with eHarmony's Director of Legal Affairs. However, Ms. Kotler failed to follow up with Plaintiff until Plaintiff reached out on October 20, 2020. At that time, Ms. Kotler's response was unfavorable.

14. Following Plaintiff's interview on October 5, 2020, Ms. Kotler required Plaintiff to make unnecessary changes to Plaintiff's resume. The changes that Ms. Kotler required did not align with the Counsel position job posting. The changes that Ms. Kotler required aligned simply with Ms. Kotler's preference. The changes that Ms. Kotler required also took hours to make on Plaintiff's part.

15. After resubmitting Plaintiff's resume, Ms. Kotler failed to confirm receipt. Plaintiff was forced to follow up before Ms. Kotler took notice.

16. Ms. Kotler finally reached out to Plaintiff to confirm Plaintiff's next interview with eHarmony's Director of Legal Affairs. A scheduling conflict then arose.

17. Ms. Kotler and Plaintiff eventually settled on November 3, 2020. Before the call, Ms. Kotler helped Plaintiff prepare. Ms. Kotler shared that the interview would be fairly standard. Ms. Kotler alerted Plaintiff to expect questions about the most challenging contract or negotiation that Plaintiff had encountered.

18. On November 3, 2020, Plaintiff interviewed with eHarmony's Director of Legal Affairs. Plaintiff was asked a few unfair questions.

19. eHarmony's Director of Legal Affairs then purposefully decided to mislead Plaintiff.

20. The Director of Legal Affairs tentatively scheduled a follow up interview on November 11, 2020 with a panel. The panel was not disclosed until later.

21. A scheduling conflict then arose once again on November 9, 2020. Ms. Kotler would then finally reveal that the panel included eHarmony's Chief Operating Officer, Chief Financial Officer, Chief Customer Officer and Senior Manager, Human Resources. Ms. Kotler followed up by saying "I'll send you the full info once we have a date."

22. On November 10, 2020, again, Plaintiff followed up regarding the panel. Ms. Kotler responded that the panel interview would be one person at a time. Ms. Kotler noted that eHarmony's Chief Operating Officer would ask the toughest questions. The questions would center around Plaintiff's background and experience.

23. On November 11, 2020, Plaintiff interviewed with the panel. Plaintiff spoke with the Chief Financial Officer first, the Chief Operating Officer second, Chief Customer Officer third and Senior Manager, Human Resources fourth. Over the course of multiple hours, Plaintiff was excessively ridiculed. Each interviewer

laughed and joked at Plaintiff.

24. During each interview, Plaintiff was separately asked questions that set Plaintiff up to fail. The questions were designed to place Plaintiff at a disadvantage.

25. Of the four interviews however, the Chief Customer Officer stood out. The Chief Customer Officer was kind to Plaintiff.

26. Thereafter, Plaintiff was asked to complete an extensive writing assignment on November 12, 2020, which Plaintiff was required to complete by November 20, 2020. The abuse continued.

27. Plaintiff submitted the writing assignment on November 20, 2020. However, Plaintiff never heard back about the Counsel position. Plaintiff would then reach out a few times. Plaintiff would not be finally rejected until much later on March 24, 2021.

**B.     The United States Equal Employment Opportunity Commission's Los Angeles District Office Discriminated Against Plaintiff After Rejection**

28. Following Plaintiff's rejection, the Los Angeles District Office of the Equal Employment Opportunity Commission ("EEOC") sought to deprive Plaintiff of due process.

29. On April 6, 2021, Plaintiff filed a charge of discrimination against

eHarmony with the Los Angeles District Office. That day, Plaintiff filed a similar charge against the Lucas Group separately. Plaintiff also filed signed charges with the Los Angeles District Office's Intake Supervisor Garrett Hoover.

30. Then, on April 7, 2021, Mr. Hoover reached out to Plaintiff by email. Mr. Hoover provided Plaintiff inaccurate charge numbers associated with Plaintiff's charges against eHarmony and the Lucas Group. Mr. Hoover's email included text highlighted in red, dark and light blue, which caused Plaintiff's vision to suffer.

31. The EEOC then, on several occasions, sent Plaintiff harassing emails. Between April 8-11, 2021, in separate reminders, the EEOC explained that an intake interview was required to complete the filing process. Plaintiff became concerned.

32. The Los Angeles District Office eventually failed to conduct an intake interview with Plaintiff regarding both of Plaintiff's charges against eHarmony and the Lucas Group. Plaintiff suffered emotional distress.

33. On April 16, 2021, Mr. Hoover further delayed with an update. Mr. Hoover, at that time, reached out to Plaintiff by email. Mr. Hoover provided an update regarding Plaintiff's charges among others. Mr. Hoover explained that the Los Angeles District Office mailed a Notice of Right to Sue to Plaintiff regarding Plaintiff's charges against eHarmony and the Lucas Group. The email included several hyperlinks and text highlighted in red. Mr. Hoover's email signature oddly included an invitation to a virtual breakfast briefing. The invitation was brightly

displayed in different colors, which caused Plaintiff's vision to suffer.

34. The EEOC finally, on several occasions, added false information associated with Plaintiff's charges against eHarmony and the Lucas Group. The EEOC incorrectly provided a deadline to file a charge related to both cases. The EEOC added an incorrect document and included in the title PocketWatch, a company that Plaintiff filed a separate charge against with the EEOC. The EEOC added a Notice to Complainant and Respondent that was issued by the Department of Fair Employment and Housing to the EEOC Public Portal with regards to the Lucas Group. The form notified Plaintiff of Plaintiff's Right to Sue in state court, but not Plaintiff's right to sue in federal court.

35. The EEOC also failed to upload a Notice of Right to Sue on the EEOC Public Portal with regards to eHarmony. Instead, the EEOC decided to add a separate document.

# CAUSE OF ACTION

### (For Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964 by Plaintiff Justin H. Wilkes against Defendant eHarmony, Inc. and Defendant Lucas Associates, Inc.)

36. Plaintiff repeats and realleges the foregoing allegations with the same force and effect as if fully set forth herein.

37. Plaintiff believes and alleges that race was a motivating factor in Defendants' decision not to hire Plaintiff in March 2021.

38. Defendants subjected Plaintiff to discrimination as an applicant for the Counsel position. The Los Angeles District Office harassed and caused Plaintiff delays to follow.

39. Defendants' conduct as alleged constitutes an unlawful employment practice in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

40. Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of race. Section 703(a)(1), as codified in 42 U.S.C. § 2000e-2(a)(1) of the United States Code, provides that it shall be an unlawful employment practice for an employer:

> "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin…"

Provided in section 703(a)(2), as codified in 2000e-2(a)(2) of the United States Code, it is impermissible for an employer:

> "to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex or national origin."

As previously described in section 703(a)(1), section 703(m) further emphasizes that:

> "Except as otherwise provided in this title, an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice."

41. In <u>Griggs v. Duke Power Co.</u>, 401 U.S. 424, 429 (1971), the United States Supreme Court explained that:

> "the language of Title VII makes plain the purpose of Congress to assure equality of employment opportunities and to eliminate those discriminatory practices and devices which have fostered racially stratified job environments to the disadvantage of minority citizens."

<u>Griggs</u> held that:

> "What is required by Congress is the removal of artificial, arbitrary, and unnecessary barriers to employment when the barriers operate invidiously to discriminate on the basis of racial or other impermissible classification." <u>Id.</u> at 431.

42. The United States Supreme Court, in <u>Texas Dep't of Cmty. Affairs v. Burdine</u>, 450 U.S. 248, 254 (1981), defined the burden of proof under Title VII of the Civil Rights Act of 1964. <u>Id.</u> at 248. To establish a prima facie case of disparate treatment, <u>Burdine</u> provided that:

> "The plaintiff must prove by the preponderance of the evidence that [he] applied for an available position for which [he] was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination." <u>Id.</u> at 253.

43. In this case, Defendants' refusal to hire Plaintiff for the Counsel position violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

44. As proscribed in section 703(a)(1), Defendants engaged in an unlawful employment practice when Defendants refused to hire Plaintiff for the Counsel position on March 24, 2021 because of Plaintiff's race as Black or African American. Plaintiff's claim for discrimination arose when Defendants rejected Plaintiff following several occurrences between September and November 2020 that caused significant interruptions in Plaintiff's interview schedule.

45. Defendants impermissibly limited, segregated and classified Plaintiff as an applicant because of Plaintiff's race. Defendants' conduct deprived Plaintiff of the Counsel opportunity. Defendants' conduct resulted in Plaintiff being blackballed from Defendants' organization, as forbidden by section 703(a)(2).

46. Race was a motivating factor for Defendants' employment practices against Plaintiff, as described in section 703(m).

47. Similar to <u>Griggs</u>, Defendants fostered a racially stratified job environment to Plaintiff's disadvantage. Defendants created disturbances on several occasions in Plaintiff's hiring process. Defendants failed to assure equal employment opportunity in these instances. As a result, Defendants also failed to eliminate discriminatory practices likely motivated by the pandemic and the political climate of today.

48. Defendants sought to create artificial, arbitrary, and unnecessary barriers that prevented Plaintiff, as a member of a racial minority, from being selected for the Counsel position. The barriers imposed by Defendants, on a number of occasions, operated to invidiously discriminate on the basis of Plaintiff's race and, as a result, disproportionately impacted communities of color.

49. Plaintiff has suffered and will continue to suffer substantial losses in earnings and job benefits. Plaintiff has suffered and will continue to suffer mental and emotional distress, pain and suffering, all to Plaintiff's damage in an amount to be proven at trial. Plaintiff was rendered sick, sore and disabled, both internally and externally, and has suffered numerous internal injuries, such as severe fright, shock, pain and discomfort. The exact nature and extent of said injuries are not known to Plaintiff, who will request leave of court to insert the same when ascertained. Plaintiff does not at this time know the exact permanence of said injuries, but is informed and believes, and thereon alleges, that some of Plaintiff's injuries are reasonably certain to be permanent in character.

50. Defendants intentionally engaged in the unlawful employment practice described against Plaintiff. Plaintiff, therefore, is entitled to an award of punitive damages against Defendants.

51. Plaintiff has suffered damages and seeks all remedies available at law and in equity in an amount to be proven at trial.

# REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

1. For affirmative action as may be appropriate.

2. For each offense in an amount that may be determined by a jury.

3. For a permanent injunction or other order to ensure full and fair consideration from Defendants if Plaintiff seeks similar employment in the future.

4. For compensatory damages, including back pay, lost wages and benefits, emotional and mental distress, medical and related expenses, and other pecuniary loss not presently ascertained according to proof in an amount to be determined at trial.

5. For punitive damages.

6. For prejudgment interest on all amounts claimed.

7. For any other equitable relief as the Court deems appropriate.

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable.

Respectfully submitted,

DATED:  July 14, 2021                              JUSTIN H. WILKES

By: _____

JUSTIN H. WILKES

EEOC Form 161-B (11/2020)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Justin H. Wilkes<br>18546 Kerill Road<br>Triangle, VA 22172 | From: | Los Angeles District Office<br>255 E. Temple St. 4th Floor<br>Los Angeles, CA 90012 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 480-2021-02004 | Garrett D. Hoover,<br>Intake Supervisor | (213) 785-3001 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Rosa M Viramontes
Digitally signed by Rosa M Viramontes
Date: 2021.04.15 10:55:41 -07'00'

April 15, 2021

Enclosures(s)    Rosa M. Viramontes,    (Date Issued)
District Director

cc: April I. Bogler
Director Legal Affairs
EHARMONY
10900 Wilshire Blvd FL 17
Los Angeles, CA 90024

EEOC Form 161-B (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

| To: | Justin H. Wilkes<br>18546 Kerill Road<br>Triangle, VA 22172 | From: | Los Angeles District Office<br>255 E. Temple St. 4th Floor<br>Los Angeles, CA 90012 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 480-2021-02003 | Garrett D. Hoover,<br>Intake Supervisor | (213) 785-3001 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Rosa M Viramontes *Digitally signed by Rosa M Viramontes*
*Date: 2021.04.15 10:49:26 -07'00'*

April 15, 2021

Enclosures(s)

Rosa M. Viramontes,
District Director

*(Date Issued)*

cc: **Heath Henson**
**Chief People Officer**
**LUCAS ASSOCIATES INC**
One Atlanta Plaza, Suite 2300
950 East Paces Ferry Road NE
Atlanta, GA 30326